### HERMAN GRANT v. THE STATE.

#### No. 456.    Decided April 19, 1910.

**1.—Theft from the Person—Charge of Court—Statutes Construed—Practice on Appeal.**

See opinion construing article 723, Code Criminal Procedure.

**2.—Knowledge of Theft by Party Injured—Insufficiency of Evidence.**

Where, upon trial of theft from the person, the indictment charged want of knowledge and consent, and that the theft occurred so suddenly as not to allow time to make resistance, and the evidence showed that the property alleged to have been taken was taken with the knowledge of the injured party, the conviction could not be sustained.

Appeal from the District Court of Tarrant. Tried below before the Hon. W. T. Simmons.

Appeal from a conviction of theft from the person; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Jenkins & McCartney,* for appellant.—On question of insufficiency of the evidence and that the theft must have been committed without the knowledge of the party injured: Kerry v. State, 17 Texas Crim. App., 178; Harris v. State, 17 Texas Crim. App., 132; Gage v. State, 22 Texas Crim. Rep., 123; Nichols v. State, 28 Texas Crim. App., 105; McLin v. State, 29 Texas Crim. App., 171; Jones v. State, 22 Texas Crim. App., 680.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft from the person, his punishment being assessed at four years confinement in the penitentiary.

The indictment contained two counts. The first charged robbery. This will not be considered inasmuch as it was not presented to the jury for consideration in the charge of the court, and, as a matter of fact, there was no evidence to sustain it. The second count charged theft from the person, the charging part of the indictment being as follows: that appellant "did unlawfully and fraudulently and privately take from the possession and person of the said B. Morris and so suddenly as not to allow time to make resistance before said property was carried away," etc.

The court charged the jury as follows: "The indictment in this case charges a private stealing from the person of the alleged injured person without his knowledge.

"Now, I charge you that if from the evidence you are satisfied beyond a reasonable doubt, that the defendant, Herman Grant, in the county of Tarrant and State of Texas, on or about the time charged in the indictment, did fraudulently and privately take from the person and possession of the said B. Morris, without his knowledge or consent, the personal property described in the indictment," etc.

The proposition is involved that the court submitted an issue not charged in the indictment, to wit: taking the property without the knowledge of the alleged injured party. The witness Morris testified thus: "I remember when the watch and charm and chain were taken off of me, but somehow I could not resist the man who took it off of me. I must have been drunk, drugged or something, that is the best I can explain it—that by the use of drugs or liquor or something like that I did not have control of myself. . . . It was taken in this way, the best I recollect: We were talking—were standing there talking— and he first put his hand up on my breast like a man will sometime do and I never thought anything about it, but when he turned the guard to get it out of the buttonhole I felt it and put my hand up there and he took his hand down, and I took my hand down, and then he put his hand up there again, and then he pulled the watch out of

my pocket. I had the watch in the pocket of my shirt here, and I knew he had it. After ·he got the watch he stood around there awhile and went on back in the saloon with me, and he afterwards left the saloon."

Theft from the person is constituted in one of two ways: First, without the knowledge of the person from whom the property is taken, and, second, so suddenly as not to allow time to make resistance before the property is taken. The pleader charged the second ground. The court charged with reference to taking property without the knowledge of the injured party. This was not charged in the indictment, therefore, could not form the predicate for conviction. It is contended, however, this can not be noticed because there was no exception taken to this charge in the court below either by bill of exception or in motion for new trial, and that under the terms of article 723 of the Code of Criminal Procedure this matter can not be considered by the court on appeal as matter for reversal. We are of opinion this does not come within the terms and provisions of that statute as construed by this court in previous decisions. It has not been held that a charge which authorized the conviction of a party for an offense with which he is not charged comes within the purview of article 723. The article has been construed to mean that in order to have errors in the charge considered, such charge must apply to some issuable fact in the case. It is the law in Texas that in order to convict a party of a crime he must be charged with an offense, and that conviction must be predicated upon the charge in the indictment, and the facts must support and correspond with the allegations of said indictment. It has not been held that a party may be charged with one offense, and on trial be convicted of an entirely different offense. To sustain this conviction would be to hold that a party could be convicted of a felony without an indictment preferred by a grand jury. This would be directly violative of section 10 of the bill of rights.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

ON REHEARING.

April 19, 1910.

DAVIDSON, PRESIDING JUDGE.—At a former day of the present term the judgment herein was reversed and remanded. The indictment, as copied in the record and passed on in the original ˙opinion, charged appellant with fraudulently and privately taking from the possession and person of B. Morris and so suddenly as not to allow time to make resistance before said property was carried away. In the State's motion for rehearing it is made to appear that the indictment was incorrectly copied in the transcript, and the following clause was omitted in copying the indictment: "And without the knowledge and without the consent of the 'said B. Morris and so suddenly as not

to allow time to make resistance before said property was carried away." The case was reversed because the charge of the court was incorrect and authorized a conviction for the taking without the knowledge of Morris. As the indictment now presents the matter, the charge of the court was in accordance with the allegation of the indictment, but the question still remains that the evidence is not sufficient to support the finding of the jury. The property was not privately taken, nor was it taken without the knowledge of the injured party. The evidence in this respect is sufficiently set out in the original opinion. It shows that the property was taken with the knowledge of the injured party. As the case is now presented to the court, the motion for rehearing will be overruled, because the evidence is insufficient to support the verdict of the jury, and the facts do not sustain the allegation in the indictment submitted by the charge of the court that the property was taken without the knowledge of the injured party.

The motion for rehearing is therefore overruled.

*Overruled.*