### WALTER WILLIAMS v. THE STATE.

#### No. 5200.   Decided November 20, 1918.

**Motor Vehicle—Recognizance—Appeal Bond—Jurisdiction.**

Where appellant failed to enter into a recognizance and filed an appeal bond after adjournment, in a misdemeanor case, the appeal will be dismissed for want of jurisdiction.

Appeal from the County Court of Lamar.   Tried below before the Hon. Tom L. Beauchamp.·

Appeal from a conviction of using motor vehicle without consent of owner; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted for violation of section 31 of the Acts of 1917, page 483, making it an offense to ·use another's motor vehicle without his consent.

The term of the court at which he was convicted adjourned December 8, 1918.   During that term he did not enter into a recognizance in order to enable him to appeal, but instead, several days after the adjournment attempted to give this court jurisdiction by executing an appeal bond.   The statute (art. 918, C. C. P.) and the decisions thereunder in Vernon's Crim. Proc., page 880, all hold that in order to give this court jurisdiction of an appeal from a misdemeanor conviction a recognizance must be entered into in open court before the court adjourns for the term at which the conviction occurs.   This court has not and can not acquire jurisdiction of this case because of a failure to enter into a recognizance.   Some of the cases are cited.   The Assistant Attorney General's motion, therefore, to dismiss this appeal because of failure to enter into such a recognizance must be, and is, granted.

Appeal dismissed.

*Dismissed.*