Gertrude Sanford v. The State.

No. 12810.   Delivered December 18, 1929.

Rehearing denied May 7, 1930.

Reported in 27 S. W. (2d) 200.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, two years in the penitentiary.

The State introduced as its only witness one Raymond Jordan, who testified that on or about the 14th day of October, 1928, he purchased from appellant a pint of liquor, paying her two dollars therefor; that Bill Nichols was with him at the time and that this witness was in Ft. Worth at the time of the trial.   On cross-examination he testified as to the date of this offense in the following language:

"I know it was the 14th day of October and not the 14th day of November, because I was there; I don't have any way of proving it. I don't know whether it was the 14th day of October or the 10th day of November; I have no way of identifying it. . . . Mr. Smith or Mr. Fowler was the first one I told about buying that whiskey. Mr. Smith is the County Attorney. As to when I told him about it, with reference to paying this money, I will say it occurred on Saturday and the next day was Sunday, and we came over here and I made a statement."

The indictment alleges the sale to have been made on or about the 14th day of October, 1928, and was presented and filed on the 5th day of November, 1928.

The point is made that the evidence failed to show that the offense was committed anterior to the presentment of the indictment and is therefore insufficient. The time of the commission of the offense must be proven, but the exact date alleged in the indictment need not be. All that is necessary is that the time of the commission of the offense be proved and that the time proven be anterior to the presentment of the indictment and not so remote as to show that the prosecution for the offense is barred by limitation. Abrigo v. State, 29 Tex. Crim. App. 143; Crass v. State, 30 Tex. Crim. App. 480. In this case the Court affirmatively required in his instructions to the jury that they find beyond a reasonable doubt that the offense was committed on or about the 14th day of October, 1928. We regard the testimony as raising an issue as to the date but there was no exception to the Court's charge for its failure to specifically require that proof of the date of the offense be anterior to the presentment of the indictment nor was any special charge requested upon this issue. While the evidence of the witness is somewhat contradictory, it is weakly sufficient, we think, to support the inference that the sale occurred prior to the presentment of the indictment. He fixes it as the day prior to the day he first told the County Attorney about it, which we think justified the jury in finding that it was a date prior to the meeting of the grand jury.

Many arguments of the District Attorney to the jury are shown in appellant's Bill of Exception No. 2, to which objections were lodged at the time they were made. In our opinion the most improper of these was the following:

"You can presume that he has been convicted (referring to Bill Nichols), and is serving his time for driving a car while drunk, and

that he would have to be pardoned by the Governor before the State could produce him as a witness on this trial."

This argument refers to the witness with Raymond Jordan at the time of the alleged sale and was in answer to a challenge by appellant's counsel as to why the State did not produce this witness. No special charge in writing was presented to the Court asking that this argument be disregarded, though an objection was lodged to same at the time it was made. The argument was improper. It could hardly be said, however, to amount to the statement of a fact that this witness had been convicted and was serving his time for driving a car while drunk. If the appellant believed this argument harmful, he should have requested a special charge be given to disregard it. Mr. Branch states the rule as follows:

"Unless the remarks of State's counsel are obviously of a nature to impair the rights of defendant or to improperly prejudice his case before the jury, such remarks, though improper, will not be considered for reversal unless a charge instructing the jury to disregard them was asked and refused and an exception reserved." Branch's P. C., Sec. 362; Kennedy v. State, 19 Tex. Crim. App. 634; Little v. State, 178 S. W. 326.

Believing the evidence sufficient and finding no errors which in our opinion require a reversal, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have reviewed the testimony in the light of appellant's motion. There is little, if any, controversy over the proposition that appellant sold to a young boy, in the fall of 1928, a pint of intoxicating liquor. She did not deny this, nor introduce any witness present at the time of the alleged sale, who denied or contradicted it in any way. Appellant filed a motion for an instructed verdict of acquittal, based on what she claims to be the uncertain testimony of the State witness Raymond Jordan as to whether the transaction occurred prior to the return of the indictment. Jordan testified, on direct examination, positively that about the 14th of October, 1928, he bought a pint of liquor from appellant at night, paying her therefor two dollars, which liquor he gave to Bill

Nichols who drank most of it himself and got drunk, and was arrested that night for driving an automobile while intoxicated, and who had an automobile accident on said night. On cross-examination the young man affirmed the fact of his purchase of the liquor, and stated at first again, that he bought it October 14th and not November 14th. Later he said he had no means of identifying the date, and that he did not know whether it was October 14th or November 10th, but did testify that the sale occurred on Saturday, and the following Monday he made a statement concerning same to the county attorney. The grand jury returned the indictment herein November 5th, alleging the date to be October prior. The court told the jury that before they could convict they must find that the transaction took place before the return of the indictment. There will be no presumption by this court that a grand jury were without facts before them when they returned an indictment. Moore v. State, 84 Texas Crim. Rep. 256. The trial court had the witnesses before him, could see and hear their testimony, and was in a better position than this court to estimate the correctness of the jury's action in accepting as true the testimony of the State witness Jordan that he bought the liquor in October. Bocknight v. State, 87 Texas Crim. Rep. 428. We deem this court bound by the rule presuming correctness in the action of the trial court in overruling the motion for new trial, until the contrary is shown.

We have read with much care and interest the able motion of appellant in support of her contention that the arguments complained of in bill of exception No. 2 were necessarily of such harmful character as that a requested charge to the jury not to consider same, was unnecessary, but think this matter correctly disposed of in our former opinion. We have examined the various statements made by the State's attorney, and do not deem the authorities cited by appellant to justify us in arriving at a different conclusion from that formerly expressed.

The motion for rehearing is overruled.

*Overruled.*