FRED GOODEN *alias* BOOKER GOODEN V. THE STATE.

No. 21273. Delivered November 27, 1940.

The opinion states the case.

*R. G. Allen,* of Houston, and *(King C. Haynie,* of Houston, of counsel on appeal only), for appellant.

*W. C. McClain,* District Attorney, and *Ned G. Wallace,* Assistant District Attorney, both of Conroe ,and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the burglary of a store owned and controlled by Roy Jackson in the town of Montgomery, Texas, and under further allegations of two prior convictions he was sentenced to the State penitentiary for life.

The indictment, in its charging part, alleges that appellant "in the County of Montgomery and State of Texas, did by force threats and fraud, break and enter a house then and there occupied and controlled by J. Roy Jackson, without the consent of the said J. Roy Jackson, and with the intent then and there to fraudulently take therefrom corporeal personal property therein being, and then and there belonging to the said J. Roy Jackson," etc.

It will be noted that the present charged offense was burglary with intent to commit theft.

The trial court in its charge defined the offense of burglary in the terms of the statute, substantially stated as the entry of a house by means of force, threats or fraud with the intent to commit a felony or the crime of theft.

Again he instructed the jury that "the indictment in this case having charged that the burglarious entry was made with the intent to commit a felony or the crime of theft, before you would be warranted in finding a verdict of guilty you must be satisfied from the evidence, beyond a reasonable doubt, that the entry was made with the intent to commit a felony or the crime of theft."

Again the court's charge says: "Now, bearing in mind the foregoing definition, if you believe from the evidence beyond a reasonable doubt that the defendant, on or about the 7th day of March 1940, as alleged, in the County of Montgomery and State of Texas,by force did enter the house of J. Roy Jackson as charged in the. indictment, with the intent to commit a felony or the crime of theft, you will find him guilty of the crime of

burglary, and so say by your verdict, and assess his punishment at confinement in the penitentiary not less than two nor more than twelve years."

It is to be noted however that no objections nor exceptions to the court's charge were taken nor filed. It is contended by appellant that for the trial court to authorize a conviction herein on a burglary with intent to commit a felony, when such was not charged in the indictment, was fundamental error, and an exception to the court's charge was not necessary.

That the giving of such a charge was error finds support in many decisions of this court. In the Williams case, 108 S. W. 371, Judge Davidson said: "But the error particularly emphasized is that the court authorized a conviction of appellant if he committed a felony, and that the allegations of the indictment did not authorize this portion of the charge, but that the charge did authorize a conviction of appellant outside of the allegations in the indictment, which confined his specific intent to a breaking with the intent to commit theft. This charge of the court constituted error. The indictment charged burglary with the intent to commit theft. There was no felony intent charged in the said indictment, and the court's charge authorized the jury to convict if they believed that either a felony was intended or the crime of theft. The court certainly could not have submitted to the jury any theory of intent to commit felony, unless it may have been theft. The property taken was of less value than $10. The court's charge authorized a conviction for an offense not charged, to wit, a burglary with the intent to commit a felony. Under the following authorities, we are of opinion that this was error of such moment as requires a reversal of the judgment. Miller v. State, 28 Tex. App. 445, 13 S. W. 646; Bravo v. State, 20 Tex. App. 189; Serio v. State, 22 Tex. App. 633, 3 S. W. 784; Lot v. State, 17 Tex. App. 598; Buntain v. State, 15 Tex. App. 485; Weeks v. State, 13 Tex. App. 466; Sullivan v. State, 13 Tex. App. 462; Hobbs v. State, 44 Tex. 353; Wilcox v. State, 45 Tex. 146."

Again the same Judge said in Emerson v. State, 114 S. W. 834: "The indictment charged burglary with intent to commit the crime of theft. The court gave the general definition of burglary with intent to commit a felony or the crime of theft; and, in applying the law to the case, he instructed the jury that, if they should believe beyond a reasonable doubt that appellant broke and entered the house by force with intent to commit a felony or theft, they should convict. This character

of charge under this particular form of indictment has been condemned in many cases. Among the later cases decided by this court is that of Williams v. State, 108 S. W. 371. This case collates quite a number of authorities. The exception to the charge was that the jury were authorized to convict appellant if he was found guilty of entering the house, and his purpose was to commit any felony or with intent to commit theft. There was no allegation in the indictment with reference to committing any felony; the intent of the burglary being alleged to commit only the crime of theft. The rule is universal and has been emphasized frequently by appellate courts, and in a great number of cases by the appellate courts of this state, that the charge must be limited to the allegations in the indictment. A jury would not be authorized to convict appellant of any other offense than that specifically charged, and the court should confine the consideration of the jury in the charge to the allegation contained in the indictment. We are of opinion that this phase of the charge was erroneous."

It is contended by appellant that the giving of such a charge under an indictment charging burglary with intent to commit the crime of theft is fundamental error, and therefore saves itself without being objected to at the proper time. It seems that the authorities sustain this proposition. We quote from Moore v. State, 206 S. W. 684:

"Wherever the indictment charges an offense, the facts and the charge of the court must conform to the charges contained in the indictment, and it is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment.

"It is error of a fundamental nature to authorize a conviction for any other offense than that charged, and this is true whether there was an exception reserved or not to the action of the court in so charging the jury. Grant v. State, 59 Tex. Cr. 123, 127 S. W. 173."

Also see Sullivan v. State, 13 Texas Cr. App. 463.

It is also worthy of note that the testimony evidences a burglary with intent to commit the crime of theft, and the trial court was in error in charging relative to a burglary with intent to commit a felony. The error was fundamental, and for which this judgment is reversed and the cause remanded.