**Harold Eugene JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55785.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 24, 1979.

89

Tom Moore, Jr. and R. Bruce Connaway, Waco, for appellant.

Harold Eugene Jackson, pro se on rehearing.

Felipe Reyna, Dist. Atty. and Lynn W. Malone, Asst. Dist. Atty., Waco, for the State.

OPINION

## ON APPELLANT'S MOTION FOR REHEARING EN BANC

ROBERTS, Judge.

We granted appellant's pro se motion for leave to file a motion for rehearing in order to consider the contentions raised in his supplemental brief, which we inadvertently failed to consider on original submission. One of the contentions raised in that brief is that the court's charge was fundamentally erroneous because it allowed the jury to convict appellant upon a theory not alleged in the indictment. We agree with this contention and reverse the judgment.

The pertinent part of the indictment alleges that appellant

"did then and there while in the course of committing theft and with intent to obtain and maintain control of property of GLEN BURTON, to-wit: U. S. Currency, without the effective consent of the said GLEN BURTON, and with intent to deprive the said GLEN BURTON of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a pistol *intentionally and knowingly* threaten and place GLEN BURTON in fear of imminent bodily injury and death. . ."
(Emphasis added.)

In charging the jury, the trial judge applied the law to the facts in the following manner:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 10th day of August, 1975 in McLennan County, Texas, the defendant, Harold Eugene Jackson, did, without the effective consent of Glen Burton, the

owner, take and exercise control over the corporeal personal property of Glen Burton, to wit, U. S. Currency, from the possession of Glen Burton, with intent then and there to deprive Glen Burton of said U. S. Currency, and that said defendant, in so doing, and with intent to acquire and maintain control of said U. S. Currency, *intentionally, knowingly, or recklessly* threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find the defendant guilty of aggravated robbery, as charged in the indictment.

"Unless you so find and believe beyond a reasonable doubt then you will find the defendant not guilty." (Emphasis added.)

■ We were faced with precisely this problem in *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App.1976). There we held:

"The statutes do not authorize a conviction for robbery if the proof only shows that a person recklessly placed another in fear of imminent bodily injury or death, and yet the court's charge here authorized a finding of guilt upon precisely that finding.

"It is fundamental that a conviction for an offense cannot stand unless the charge authorized the jury to find a defendant guilty only for conduct constituting that offense (*Venzor v. State*, 162 Tex.Cr.R. 175, 283 S.W.2d 397); the indictment alleged such conduct (*Venzor v. State*, supra; 31 Tex.Jur.2d, Sec. 69 at 596); and the evidence at trial showed such conduct (*Powell v. State*, 60 Tex.Cr.R. 201, 131 S.W. 590; 5 Branch's Ann.P.C. (2d ed.), Sec. 2603 at 32). In the instant case none of these requirements of due process of law were met because the trial court authorized the jury to find appellant guilty upon a set of circumstances that could not constitute the offense charged." 537 S.W.2d, at 6–7.

■ It is clear that a charge which allows the jury to convict an accused upon a theory not alleged in the indictment is fundamentally defective. *Dowden v. State*, supra; *Robinson v. State*, 553 S.W.2d 371 (Tex.Cr.App.1977); *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977); *Shaw v. State*, 557 S.W.2d 305 (Tex.Cr.App.1977), and authorities there cited. *See also: Walton v. State*, 575 S.W.2d 25 (Tex.Cr.App. 1978).

The motion for rehearing en banc is granted. The judgment is reversed and the cause remanded.

DOUGLAS and W. C. DAVIS, JJ., dissent for the reasons stated in the dissenting opinion in *Cleland v. State*, 575 S.W.2d 296, 296 (Tex.Cr.App.1979).