**Willie Frank JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57682.**

Court of Criminal Appeals of Texas, Panel No. 3.

March 28, 1979.

James P. Hopkins, Dallas, for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated robbery; punishment was assessed at imprisonment for forty-nine years.

The indictment alleges that the appellant ". . . using and exhibiting a deadly weapon, namely a pistol, knowingly and intentionally threaten[ed] and place[d] Mrs. Kenneth Laucks in fear of imminent bodily injury and death . . ."

However, in addition to the means of committing robbery as it is alleged in the indictment, the court's charge authorized the appellant's conviction if the jury found the appellant ". . . recklessly caused bodily injury to the owner . . ." and ". . . caused serious bodily injury to Mrs. Kenneth Laucks . . ."

The indictment only alleges the offense under the provisions of V.T.C.A. Penal Code Sections 29.02(a)(2) and 29.03(a)(2), but the court's charge in addition to allowing a conviction under these provisions instructs

the jury that it may find the appellant guilty under provisions of V.T.C.A. Penal Code, Sections 29.02(a)(1) and 29.03(a)(1).[1]

A charge such as that submitted to the jury in this case has been held to be reversible error by the majority of this Court even though the appellant made no trial objections to the charge.[2] See, e. g., *Gooden v. State,* Tex.Cr.App., 576 S.W.2d 382 (1979) (Opinion on Appellant's Motion for Rehearing); *Brewer v. State,* 572 S.W.2d 940 (Tex. Cr.App.1978); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977).

The author of this opinion and three other judges of this Court believe that in the absence of a trial objection this Court should examine the record to determine whether appellant was harmed by the erroneous charge and affirm the judgment if the appellant was not harmed. See *Gooden v. State,* supra, (Concurring Opinion on Motion for Rehearing and footnote 1 on the Motion for Rehearing), and see *Williams v. State,* 535 S.W.2d 352 (Tex.Cr.App.1976) and the recent cases *Williams v. State,* Tex. Cr.App., 577 S.W.2d 241 (1979); *Hill v. State,* Tex.Cr.App., 576 S.W.2d 642 (1979); *Clements v. State,* Tex.Cr.App., 576 S.W.2d 390 (1979). However, the law of this State as expressed by the majority is to the contrary.

The judgment is reversed and the cause remanded.

1. V.T.C.A. Penal Code, Sections 29.02 and 29.-03 read as follows:

"Section 29.02 Robbery

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree.

"Section 29.03 Aggravated Robbery

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another or;

"(2) uses or exhibits a deadly weapon.

"(b) An offense under this section is a felony of the first degree."

2. Many cases such as this have recently come before this Court. It is difficult to understand why so many courts are submitting charges to juries which allow the juries to convict defendants for offenses not alleged in the indictment. It would seem much easier when submitting the charge to the jury to correctly charge the jury by following the allegations of the indictment. Also, it would seem that prosecutors would advise trial judges that a charge is incorrect which does not follow the indictment but allows a jury to convict for an offense which has not been alleged in the indictment.