**Freo LAMPKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59518.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 12, 1980.

Leonard M. Roth, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus, and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

This is an appeal from a conviction for aggravated robbery in which the jury assessed appellant's punishment at fifteen years confinement.

The indictment returned against appellant alleged that he,

"while in the course of committing theft of two rings and one necklace owned by Patricia Ellis . . ., and with intent to obtain and maintain control of the property, intentionally and knowingly caused serious bodily injury to the complainant."

However, in addition to the means of committing robbery as it was alleged in the indictment, the court's charge authorized

appellant's conviction if the jury found he "recklessly" caused bodily injury or "threatened or placed said owner in fear of imminent bodily injury or death."

The indictment only alleges the offense under the provisions of V.T.C.A. Penal Code, §§ 29.02(a)(1) and 29.03(a)(1), but the court's charge, in addition to allowing a conviction under these provisions, instructs the jury that it may find the appellant guilty under the provisions of §§ 29.02(a)(2) and 29.03(a)(1), supra.[1]

A charge such as that submitted to the jury in this case has been held to constitute reversible error by a majority of this Court even though appellant voiced no objection to it at trial. See *Brown v. State*, 595 S.W.2d 550 (Tex.Cr.App.1980); *Cullum v. State*, 576 S.W.2d 87 (Tex.Cr.App.1979); *Gooden v. State*, 576 S.W.2d 382 (Tex.Cr. App.1979) (on motion for rehearing); *Todd v. State*, 576 S.W.2d 636 (Tex.Cr.App.1979); *Clements v. State*, 576 S.W.2d 390 (Tex.Cr. App.1979).

For the error in this regard, the judgment must be reversed and the cause remanded for a new trial.

It is so ordered.

---

1.  V.T.C.A. Penal Code, § 29.02 reads as follows:

    "(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain and maintain control of the property, he:

    (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

    (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

    Section 29.03, supra, provides:

    "(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

    (1) causes serious bodily injury to another; or

    (2) uses or exhibits a deadly weapon."