**Thomas Jefferson WILSON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60947.**

Court of Criminal Appeals of Texas.

Dec. 23, 1981.

William E. Satterwhite, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty. & Calvin A. Hartmann, & Andy Tobias, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission, the panel opinion overlooked an error in the court's charge to the jury at the guilt-innocence stage, which error requires our review in the interest of justice.

The indictment in this cause, as here pertinent, alleged that in Harris County on or about April 30, 1977, appellant

"... did then and there unlawfully while in the course of committing theft of property owned by REbecca [sic] White, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a pistol, intentionally and knowingly cause serious bodily injury to the Complainant."

In the course of putting on its evidence, the State showed that appellant acted together with a person known only as "Manuel," and that the two conspired to and did abduct the complainant, and that the aggravated robbery took place in the course of the abduction. In charging the jury, the trial court accurately defined the statutory

terms "robbery," "aggravated robbery," "in the course of committing theft," "attempt," "bodily injury," "deadly weapon," "theft," "appropriation" and "appropriate," "property," "deprive," "effective consent," "owner," "possession," "abduct," "restrain," and "without consent." Also, definitions were given of the culpable mental states of "intentionally," "knowingly," and "recklessly" committing an act. There were also instructions on the law of criminal responsibility for the conduct of another, and the law of conspiracy. No complaint is made as to any of these definitions.

In applying the law to the facts, the trial court gave the following instruction:

"Now, if you find from the evidence beyond a reasonable doubt that Thomas Jefferson Wilson, Jr. and Manuel entered into a conspiracy to abduct Rebecca White, and pursuant thereto, they did carry out, or attempt to carry out such conspiracy, if any, to abduct Rebecca White in that on or about the 30th day of April 1977, in Harris County, Texas, while in the course of committing such abduction, if any, of Rebecca White, Manuel did, without the effective consent of Rebecca White, while in the course of committing theft of property owned by Rebecca White, and with the intent to obtain and maintain control of the property, intentionally or knowingly *or recklessly* cause bodily injury to Rebecca White and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, Manuel used or exhibited a deadly weapon, namely, a pistol, and that the defendant, Thomas Jefferson Wilson, Jr., pursuant to said conspiracy, if any, with the intent to promote and assist and aid Manuel in the commission of said abduction, if any, then and there, at the time of the taking of the property, if any, was acting with and aiding the said Manuel in the execution or attempted execution of said abduction of Rebecca White, if any, and that the taking of the property, if any, of Rebecca White following in the execution of the conspiracy, if any, and in furtherance of the unlawful purpose, if

any, of Thomas Jefferson Wilson, Jr. and Manuel, to abduct Rebecca White and that the taking of the property if there was such, was done in furtherance of the conspiracy to abduct, if any, and the abduction or attempt to abduct, if any, and was an offense that should have been anticipated as a result of the carrying out of the conspiracy, then you will find the defendant, Thomas Jefferson Wilson, Jr., guilty of aggravated robbery.

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant, Thomas Jefferson Wilson, Jr. of aggravated robbery.

"Before you would be warranted in convicting the defendant, Thomas Jefferson Wilson, Jr. of aggravated robbery, you must find from the evidence beyond a reasonable doubt not only that Thomas Jefferson Wilson, Jr. and Manuel, on the occasion in question, were engaged in the commission of the felony offense of abduction of Rebecca White, as defined in this charge, or attempted abduction of Rebecca White, that also during the commission of the abduction, if any, Manuel did, without the effective consent of Rebecca White, while in the course of committing theft of property owned by Rebecca White, and with intent to obtain and maintain control of the property, intentionally or knowingly *or recklessly* cause bodily injury to Rebecca White, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, Manuel used or exhibited a deadly weapon, namely, a pistol. If you have a reasonable doubt thereof, you will acquit Thomas Jefferson Wilson, Jr. of aggravated robbery as charged in the indictment.

"You are further instructed that if you believe that Thomas Jefferson Wilson, Jr. was not acting together with the said Manuel in abducting or attempting to abduct Rebecca White, if he did, or that Thomas Jefferson Wilson, Jr. had not previously entered into a conspiracy with the said Manuel to abduct or attempt to

abduct the said Rebecca White, if they did, or if you have a reasonable doubt thereof, you will acquit the defendant, Thomas Jefferson Wilson, Jr." (Emphasis supplied.)

Appellant's contention is that the culpable mental state of "recklessly" was not alleged in the indictment, and that the charge of the court, in authorizing conviction upon proof of a lesser culpable mental state than those alleged in the indictment, was fundamentally defective.

Obviously, the indictment alleged the commission of robbery under V.T.C.A., Penal Code, § 29.02(a)(1), which was aggravated by the causing of serious bodily injury, Id., § 29.03(a)(1), and by using and exhibiting a deadly weapon, Id., § 29.03(a)(2). In *Lampkin v. State*, 607 S.W.2d 550 (Tex.Cr. App.1980), it was held that the court's charge was fundamentally defective, *inter alia*, in authorizing the jury to convict upon proof that the defendant "knowingly, intentionally, or recklessly" caused serious bodily injury to the complainant, when the indictment had alleged only that the injury was committed "intentionally and knowingly." See also *Hutchins v. State*, 590 S.W.2d 710 (Tex.Cr.App.1979); *Hawkins v. State*, 579 S.W.2d 923 (Tex.Cr.App.1979); *Jackson v. State*, 576 S.W.2d 88 (Tex.Cr.App.1979), all of which found fundamental error in a variance between the indictment's allegation of "knowingly and intentionally" threatening and placing the victim in fear of imminent bodily injury or death, the alternative means of committing robbery under V.T. C.A., Penal Code, § 29.03(a)(2), and a charge which authorized conviction upon a finding that the defendant "knowingly, intentionally, or recklessly" threatened or placed the victim in fear.

Accordingly, the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

ROBERTS, J., concurs in the result.

1.  Article XVI, § 1, Constitution of the State of Texas.

CLINTON, Judge, concurring.

The Constitution of the State of Texas mandates that before entering upon the duties of office each Judge of this Court, like every other officer and member of the Legislature, swear or affirm that he will faithfully execute the duties of office and "will to the best of my ability preserve, protect, and defend the Constitution and laws" of the State of Texas and of the United States.[1] Accordingly, we are obliged to take the law as we find it and follow it, to the end that the law is preserved, protected and defended.

Article 36.19, V.A.C.C.P., alluded to in the dissenting opinion, is rooted in the Old Code. In the Code of Criminal Procedure of 1895 it was Article 723, and purported to require an exception to the court's charge, either by bill of exception or in motion for new trial, in order for a claimed defect in the charge to be considered on appeal. But, though the learned jurists of the time knew not any mantra, they uniformly insisted that the charge of the trial court conform to the allegations in the indictment which were supported by facts proven in the case[2] —somewhat as this Court recently did in *Jackson v. State*, 578 S.W.2d 748 (Tex.Cr. App.1979):

"Many cases such as this have recently come before this Court. It is difficult to understand why so many courts are submitting charges to juries which allow the juries to convict defendants for offenses not alleged in the indictment. It would seem much easier when submitting the charge to the jury to correctly charge the jury by following the allegations in the indictment. Also, it would seem that prosecutors would advise trial judges that a charge is incorrect which does not follow the indictment but allows a jury to convict for an offense which has not been alleged in the indictment."

*Id.*, at 749, n.2. Yet, the lesson of history is that fundamental error in a court's charge has long been an appellate concern.

2.  See generally the review of earlier cases from 1878 forward in *Sattiewhite v. State*, 600 S.W.2d 277, 281–282 (Tex.Cr.App.1980).

By no means the first expression but illustrative is *Williams v. State*, 53 Tex. Cr.R. 2, 108 S.W. 371 (1908). The charged offense was burglary by breaking with intent to commit theft; however, the charge permitted the jury to find guilt if intent was either to commit a felony or theft. Pointing that out, the Court through former Presiding Judge Davidson found and held:

"... The court's charge authorized a conviction for an offense not charged, to wit, a burglary with intent to commit a felony. Under the following authorities, we are of the opinion that this was error of such moment as requires a reversal of the judgement. [Citations omitted]."[3]

Thirty two years later the exact same error appeared in charges from the same trial court in two separate cases: *Gooden v. State*, 140 Tex.Cr.R. 347, 145 S.W.2d 177 (1940) and *Gooden v. State*, 140 Tex.Cr.R. 351, 145 S.W.2d 179 (1940). For the Court Judge Graves wrote that the authorities sustained the proposition that "the giving of such a charge under an indictment charging burglary with intent to commit the crime of theft is fundamental error, and therefore saves itself without being objected to at the proper time," *id.*, 145 S.W.2d at 178, and also noted that "the testimony evidences a burglary with intent to commit the crime of theft, and the trial court was in error in charging relative to a burglary with intent to commit a felony"—an error that was also "fundamental," *id.*, 145 S.W.2d at 179.

The *Gooden* court relied on and quoted copiously from earlier opinions of the Court—most of them also written by Presiding Judge Davidson. The point that Article 723 of the Code of Criminal Procedure of 1895 did not vitiate the doctrine of fundamental error in a court's charge was perhaps best made in *Grant v. State*, 59 Tex. Cr.R. 123, 127 S.W. 173 (1910). Up until then, the Court noted, "It has not been held that a charge which authorizes the conviction of a party for an offense with which he is not charged comes within the purview of Article 723," *id.*, 127 S.W. at 174.

Under the penal code then in effect theft from the person was committed in one of two ways: first, without the knowledge of the person from whom property was taken and, second, so suddenly as not to allow time to make resistance before the property was taken. The indictment against Grant charged the latter manner. The victim testified, however, that he knew when the watch had been taken from him but for some unexplainable reason he could not, and did not, resist. The trial court charged the jury that it could convict Grant if it found that he had taken the property "without his knowledge or consent." As former Presiding Judge Davidson pointed out in the opinion of the Court, what the trial court charged was not alleged in the indictment and "therefore could not form the predicate for conviction." So, the applicability of Article 723 was rejected.

"... It is the law in Texas that, in order to convict a party of a crime, he must be charged with an offense, and that conviction must be predicated upon the charge in the indictment, and the facts must support and correspond with the allegations of said indictment. It has not been held that a party may be charged with one offense, and on trial be convicted of an entirely different offense. To sustain this conviction would be to hold that a party could be convicted of a felony without an indictment preferred by a grand jury. This would be directly violative of section 10 of the Bill of Rights."

Similarly, in *Moore v. State*, 84 Tex.Cr.R. 256, 206 S.W. 683 (1918), where the indictment alleged receipt of stolen property from some party to the grand jurors unknown but the charge permitted a conviction if received from anyone, known or unknown, the Court, again through Presiding Judge Davidson, stated the law as follows:

---

3. The nine authorities are cases decided by the Court of Criminal Appeals, the former Court of Appeals and the Supreme Court of Texas.

"Wherever the indictment charges an offense, the facts and the charge of the court must conform to the charges contained in the indictment, and it is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment.

It is error of a fundamental nature to authorize a conviction for any other offense than that charged, and this is true whether there was an exception reserved or not to the action of the court in so charging."

Therefore, the judgment of conviction was reversed.

Article 723 became Article 743 in the 1911 Code of Criminal Procedure, and in 1913 it had been amended to delete the phrase that allowed an error in the charge to be claimed for the first time in a motion for new trial. See Acts 1913, p. 278. Concerning the effect of the amendment and the constraints remaining after modification, the Court stated in *Wright v. State*, 73 Tex.Cr.R. 178, 163 S.W. 976 (1914): [4]

"... So it is clear that the intent and purpose of the Legislature is that we should not reverse a case because of error in the charge, if error there be, unless it was excepted to at the time of the trial, and not then unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. * * * We are powerless to give relief from its provisions so long as it is the law; consequently we are without authority to review the charge of the court unless complained of at the time of the trial, *unless fundamental error is presented.*" [5]

Again the doctrine of fundamental error survived legislative enactment and was held to be without the purview of amended Article 743—now Article 36.19, V.A.C.C.P.

*Moore v. State* and *Gooden v. State*, supra, were followed by the Court in *Garza v. State*, 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956), reversing a misdemeanor conviction for possession of beer in a dry area for the purpose of sale. The unanimous opinion was written by Judge Woodley, whose reputation for seeking to shield our criminal justice system from abuse is wellknown.

The trial court had charged the jury to convict if it found that Garza had in his possession "more than 24 bottles having a capacity of not exceeding 12 ounces each, or exceeding the equivalent thereof in any other kind of container, for the purpose of sale ... as charged in the information." There was no objection to the charge. The question posed by Judge Woodley:

"... In the absence of an objection to the charge, is the defendant in a position to complain that the jury was authorized to convict him upon findings which do not constitute the offense charged in the complaint and information, or in fact constitute any offense?"

The explanation:

"The jury found that appellant possessed more than the equivalent of 24 12-ounce bottles in a dry area. The court erroneously informed the jury that this constituted a violation of law, and authorized them to return a guilty verdict without any finding that the bottles or containers contained beer."

The answer:

"We have reached the conclusion that the error in the charge is of a fundamental nature and requires that the conviction be set aside."

The doctrine of fundamental error has thus been shown to be firmly founded and well established in the appellate criminal law of this State. Simple in its application, the doctrine demands no more than that a jury be instructed in terms of the instrument charging an accused with committing

---

4. Judge Davidson was still on the Court, but A. C. Prendergast was Presiding Judge. The opinion of a unanimous Court was written by Judge Harper.

5. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

penal offense to end that trial and conviction, if guilt be found, rest on the accusation and supporting proof. One sworn to uphold the law should have no hesitancy in doing so.

For these amplifying reasons I concur in the opinion and judgment of the Court.

McCORMICK, Judge, dissenting.

In reversing this conviction, the majority carefully ignores citation to *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App.1976). Except for *Lampkin*[1], *Dowden* is cited in each case relied on by the majority for the proposition that the error found here is fundamental. A reading of *Dowden* points out with extreme clarity why this case should not be reversed. In *Dowden*, the defendant objected at trial to the charge and particularly the inclusion of the word "recklessly." Further, the Court, distinguishing *Williams v. State*, 535 S.W.2d 352 (Tex.Cr.App.1976), noted that a proper objection as opposed to no objection necessitated the reversal.

In *Williams*, the Court held that, absent a proper objection, Article 36.19, V.A.C.C.P., was controlling and refused to reverse the defendant's conviction because no harm had been shown. Then, almost three years after *Dowden* and *Williams*, this Court decided *Jackson v. State*, 576 S.W.2d 88 (Tex.Cr. App.1979). An error which had theretofore required an objection and a showing of harm was magically transformed into a "fundamentally defective" charge by *Jackson*.

The phrase "fundamentally defective" has become a mantra for this Court, its chant blinding us from a consideration of the merits of a case and the applicable law. Until this Court realizes that the perpetuation of this magical doctrine has lost all logical nexus with the protection of the rights of a defendant, but rather subjects our system of justice to abuse and disrespect by the public, the doctrine will continue to flourish.

The appellant having failed to object, and further having failed to show any harm, I must dissent.

---

**1.** 607 S.W.2d 550 (Tex.Cr.App.1980). *Lampkin*, though not citing *Dowden*, does rely on

*Jackson v. State*, 576 S.W.2d 88 (Tex.Cr.App. 1979), which in turn relies on *Dowden*.