Juan Jose MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–399–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 21, 1982.

Juan A. Magallanes, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a conviction of aggravated robbery. After the jury found appellant guilty, it assessed punishment at 25 years in the Texas Department of Corrections.

In his sole ground of error, appellant contends that the application clause of the court's charge failed to submit an essential element of the offense, namely, the element that the violent conduct was committed, as alleged in the indictment, "with the intent to obtain and maintain control over the property".

The application clause reads as follows: "Now if you find from the evidence beyond a reasonable doubt that on or about the 13th day of May, 1981, in Cameron County, Texas, the Defendant, Juan Jose Martinez, while in the course of committing theft of property, namely: United States currency, and with intent to deprive Jose Miguel Flores, the owner thereof, without the effective consent of said owner, did then and there use and exhibit a deadly weapon, namely, a firearm, and did then and there intentionally and knowingly threaten and place Jose

Miguel Flores in fear of imminent bodily injury and death, then you will find the Defendant guilty of aggravated robbery."

While it is the best practice to track the indictment in the application clause of the charge,[1] no error occurs if different language is used that is equivalent to the indictment and that comports with the legal theory sought to be described. *Thomas v. State,* 605 S.W.2d 290, 294 (Tex.Cr.App. 1980).

One can be found guilty of robbery if he engages in the violent conduct either with the intent to obtain control over the property *or* with the intent to maintain control over the property.[2]

"Deprive" is defined in the court's charge to mean "to withhold property from the owner permanently". Webster's Third International Dictionary (1966) defines "withhold" as "to keep in one's possession or control". The word "withhold" and the phrase "to maintain control over" each communicate the idea of continued possession and for that reason are materially equivalent in meaning. Under this construction of the language in the charge, we hold that the finding that the appellant engaged in the violent conduct "with the intent to deprive Jose Miguel Flores, the owner thereof (of the property)" is equivalent to a finding that he acted "with the intent to maintain control over the property". The charge adequately submits the element that appellant contends was omitted.

The judgment of the trial court is affirmed.

---

1. See *Jackson v. State,* 578 S.W.2d 748, 749 n. 2 (Tex.Cr.App.1979).

2. "A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with the intent to obtain *or* maintain control of the property he: intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Penal Code Section 29.02(a)(2). (emphasis supplied)