**Keith LITTLE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 730–82.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1983.

Sylvia Mandel, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This cause comes before us on the State's petition for discretionary review. The Fourteenth Court of Appeals in Houston reversed appellant's conviction after finding fundamental error in the court's charge.

Appellant was indicted for aggravated robbery by *intentionally and knowingly* causing serious bodily injury. V.T.C.A., Penal Code, Sections 29.02(a)(1) and 29.-03(a)(1). A jury found him guilty of the

lesser included offense of robbery. The application paragraph of the charge pertaining to the offense of robbery reads as follows:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the Defendant, Keith Little, on or about the 24th day of July, 1975, in the County of Walker, and State of Texas, as alleged in the indictment, did then and there while in the course of committing theft and with intent to obtain property of John Sowell, to-wit: Money and cigarettes, without the effective consent of the said John Sowell, and with intent to deprive the said John Sowell of said property, did then and there *intentionally or knowingly or recklessly* cause bodily injury to John Sowell by striking the said John Sowell with his fists, you will find the Defendant guilty of the offense of robbery and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the Defendant, and say by your verdict, Not guilty." (Emphasis added)

The Court of Appeals relied on *Wilson v. State,* 625 S.W.2d 331 (Tex.Cr.App.1981), an aggravated robbery case, as authority for its holding that the charge quoted above was fundamentally defective. Our reading of *Wilson,* however, reveals that it can be distinguished from the instant case. In *Wilson,* the defendant was indicted for aggravated robbery with the culpable mental states of *intentionally and knowingly.* However, Wilson was convicted of aggravated robbery and not the lesser included offense of robbery, as appellant was. Fundamental error occurred in *Wilson* when the court in its application paragraph of the charge allowed Wilson to be convicted of aggravated robbery if the jury found that he acted *intentionally or knowingly or recklessly.*

The issue presented in the case at bar is whether, when charging on a lesser included offense, the culpable mental state of recklessness may be used, where the culpable mental state of the greater offense was alleged to be "intentionally or knowingly." We recently wrote on this question as it pertained to a conviction for aggravated assault obtained under an indictment for attempted murder in *Rocha v. State,* 648 S.W.2d 298 (Tex.Cr.App.1983) (on rehearing). In *Rocha,* we held that it was not fundamental error to submit a charge authorizing conviction of the lesser included offense of aggravated assault upon a finding of the lower culpable mental state of recklessness. We now apply this same reasoning to the instant case.

Section 29.03(a)(1), supra, provides as follows:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

"(1) causes serious bodily injury to another; . . ."

Section 29.02(a)(1), supra, provides:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; . . ."

■ Article 37.09(2), V.A.C.C.P., instructs that an offense is a lesser included offense if it differs from the offense charged in the respect that a less serious injury or risk of injury is involved. Clearly, robbery under Section 29.02(a)(1) is a lesser included offense of aggravated robbery under Section 29.03(a)(1). The fact that the lesser included offense of robbery may be committed by the culpable mental state of recklessness even though not alleged in the indictment for the greater offense of aggravated robbery does not preclude a charge thereon since by definition recklessness is a lower culpable mental state than "intentional" and "knowing." V.T.C.A., Penal Code, Section 6.02(d) and (e). And indeed, Article 37.09(4), V.A.C.C.P., provides that an offense is a lesser included offense even if it differs from the offense charged only in the respect that a less culpable mental state is involved.

It was not fundamental error to submit a charge authorizing conviction of the lesser included offense of robbery upon a finding of the lower culpable mental state of recklessness.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.