## D. Y. LAY v. THE STATE.

### No. 4963.   Decided April 3, 1918.

**Retaxing Costs—Misdemeanor—Officer—Witness Fees.**

Where, upon appeal from a ruling in the County Court refusing to retax costs in misdemeanor cases, the record showed that the costs accrued in favor of the officer who made the arrest and appeared as a witness in this and another misdemeanor case, both parties having pleaded guilty, and the officer was not used as a witness, although summoned, and who charged his fees as a witness in each case for one day's attendance, which was $1.50 on each case. Held, the same was proper costs; there being no difference with reference to misdemeanor cases as to whether the witness was an officer or not, if he attended as a witness upon the court.

Appeal from the County Court of McLennan.   Tried below before the Hon. James P. Alexander.

Appeal from an order refusing to retax costs on motion made by defendant.

The opinion states the case.

*Albert C. Johnston,* for appellant.—Cited Ex parte Preston, 72 Texas Crim. Rep., 77, 161 S. W. Rep., 115; Anderson v. Board of Commissioners, etc., 91 Kan., 362; Stamont v. Cummins, 120 Mich., 629; Sackett v. Sanborn, 205 Mass., 110.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—In the County Court there was a motion made to retax the costs in this case. The evidence shows that the costs accrued in favor of the officer who made the arrest and appeared as a witness in this and another case. Both parties pleaded guilty, and the officer was not used as a witness, though summoned. He claimed that he had charged his fees as a witness in each case for one day's

attendance, which was $1.50 in each case, if legal. Appellant insists that inasmuch as the officer was a salaried policeman that he was not entitled to charge witness fees, and refers us to section 1137b, Vernon's Criminal Statutes, 1916, an Act of the Legislature of 1913. That statute applies to witness fees in felony cases, the costs to be paid by the State. It provides that no witness fee shall be paid to peace officers, nor to any witness in habeas corpus cases or summoned on motion to change venue, and provides further that no fees shall be approved by the court in any case where the charge includes a misdemeanor case until the case is finally disposed of, and in case of a conviction for misdemeanor no fees shall be paid by the State; and it also provides that witnesses attending court in more than one case at the same time shall receive fees in only one case; and provided further that in no event the State shall pay per diem in any one case more than five dollars to any witness in any one case at any one term of court. It will be noticed that these fees are to be paid by the State, not by the defendant. The same rules do not apply in ordinary misdemeanor cases. It is understood to be the rule with reference to charging fees, that none will be permitted except where authorized by statute; that is, it is a prerequisite before fees may be charged that the Legislature pass suitable legislation authorizing the charging and paying of such fees, whether by the State or the defendant. With reference to misdemeanors, there is no interdiction of the charging of witness fees so far as officers are concerned. They seem to come within the general class of witnesses, and are entitled to the same fees as other witnesses in misdemeanor cases. A witness in a misdemeanor case can be paid no fees other than those provided, but is entitled to charge such fees as the statute enacts. There being no difference with reference to misdemeanor cases as to the character of witnesses, whether officers or not, the officer would come within the general category, as we understand the law, as witness. His official character, so far as that proposition is concerned, would make no difference. There are no traveling expenses in the case to complicate, therefore we have the question as to whether or not an officer in misdemeanor cases can charge fees as a witness for his attendance upon the court. We are of opinion that he can, and that the court did not err in allowing the fees charged by the officer.

The judgment, therefore, will be affirmed.

*Affirmed.*