

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS



Gerald C. Mann

Hon. Tom C. King
State Auditor and Efficiency
Expert
Austin, Texas

Opinion No. 0-2465
Re: Is it optional with the em-
ployee to choose either source
(the departmental appropriation
for traveling expenses, or the
statutory mileage and witness
fee) from which to be reimbursed?
And related questions.

Dear Sir:

Your recent request for an opinion of this Department on the questions as are herein stated has been received.

We quote from your letter as follows:

"The current Departmental Appropriation Bill declares, in Section 2 (under the head, 'Traveling Expenses'):

"'Any State official or employee entitled to traveling expenses out of State appropriations herein made, who is legally or officially required to be present at the trial of any State case, shall not claim traveling expenses from the State and also from the Court wherein said case is pending. If by oversignt, duplicate claims are filed for said traveling expenses and collected, then said officers or employees shall reimburse and refund to the State Treasurer an amount equal to the respective amount collected under such witness fee and mileage claim.'

"For the proper construction of this clause your opinion is respectfully requested as follows:

"1. Is it optional with the employee to choose either source (the departmental appropriation for traveling expense, or the statutory mileage and witness fee) from which to be reimbursed?

"2. If the mileage and expense allowance, as computed under the terms of the appropriation bill should be greater than as computed under the statutes relating to court costs, would the former measure be appropriate for the claim of a State employee?

"3.  In the case of a duplication, is the refund to be made direct to the State Treasurer, so as to be credited to the traveling expense account of the department with which the employee is connected; or, through the court in which the trial was had, thus operating as a credit to the costs of the case, or as a revenue item?"

Article 1036, Code of Criminal Procedure, reads in part, as follows:

"Any witness who may have been recognized, subpoenaed or attached, and given bond for his appearance before any court, or before any grand jury, out of the county of his residence to testify in a felony case, and who appears in compliance with the obligations of such recognizance or bond, shall be allowed his actual traveling expenses, not exceeding four cents per mile going to and returning from the court or grand jury, by the nearest practical conveyance, and two dollars per day for each day he may necessarily be absent from home as a witness in such case.

"Witnesses shall receive from the State, for attendance upon district courts and grand juries in counties other than that of their residence, in obedience to subpoenas issued under the provisions of law their actual traveling expenses, not exceeding four cents per mile, going to and returning from the court or grand jury, by the nearest practical conveyance, and two dollars per day for each day they may necessarily be absent from home as a witness, to be paid as now provided by law;..."

Section 3 of the above mentioned article provides that:

"Before the close of each term of District Court, the witness shall make an affidavit stating the number of miles he will have traveled going to and returning from the court, by the nearest practical conveyance, and the number of days he will have been necessarily absent in going to and returning from the place of trial; which affidavit shall be filed with the papers of the case. No witness shall receive pay for his services as a witness in more than one case at any one term of the court. Fees shall not be allowed to more than two witnesses to the same fact, unless the judge before whom the cause is tried shall, after such case has been tried, continued, or otherwise disposed of, certify that such witnesses were necessary in the cause. . ."

A witness to be entitled to the compensation as provided by Article 1036 must be legally subpoenaed by the court before he is entitled to such compensation.

It is well settled that no public official is entitled to receive and retain any fees or compensation unless there is a provision made by the legislature giving the same to him. See the case of McCalla vs. City of Rockdale, 246 S.W. 654; Duclos v. Harris County, 298 S.W. 417 and authorities cited therein. Along the same line, the courts have held that the legislature may provide for the allowance of expenses incurred by an officer in addition to the compensation fixed by law.  Terrell vs. King, 14 S.W. (2d) 786.  Also see the Article 3897 Vernon's Annotated Civil Statutes, and the authorities cited thereunder pertaining to the filing of expense accounts of various officials.

In the case of Lay vs. State, 202 S.W. 729, the question as whether a salaried policeman was entitled to his per diem under the old Article 1137b, Code of Criminal Procedure, (now repealed).  The court, in this case, after holding this article applicable only to felony cases and not to the case under consideration, which was a misdemeanor, used the following language:

". . . There being no difference with reference to misdemeanor cases as to the character of witnesses, whether officers or not, the officer would come within the general category, as we understand the law, as witness.  His official character, so far as that proposition is concerned, would make no difference. . ."

Under the case of Lay vs. State, supra, it seems that the official character of the witness makes no difference as to the perdiem, where the statutes do not specifically draw a line between the officers as witnesses and ordinary witnesses.  Article 1036, Code of Criminal Procedure, supra, the present statute providing fees and mileage for out-of-county witnesses in felony cases, does not make this distinction.  It has long been the Departmental construction of the Comptroller's office that State Highway Patrolmen are entitled to mileage and the Two Dollars per diem as out-of-county witnesses in a felony case in the court and before the grand jury investigating the felony.  However, such Highway Patrolmen receiving mileage fees and Two Dollars per diem from the court are not entitled to collect the mileage fee and the Two Dollars per diem and also the traveling expenses allowed by the general appropriation bill.

In this connection we want to point out that if an officer or employee is duly subpoenaed in a felony case in which

he is not officially connected or has rendered no official service, he would not be entitled to claim the traveling expenses as allowed by the general appropriation bill, but would be entitled to claim the compensation as provided by Article 1036, supra.

On the other hand where an officer or state employee is subpoenaed as a witness before the court in a felony case or a grand jury investigating a felony in a county other than that of his residence where such officer or employee is or has been officially connected with the case or has rendered any official service and has performed some official duty in connection therewith, such officer or employee may claim mileage fees and the per diem as allowed by Article 1036, supra, or he may claim the traveling expenses as allowed by the general appropriation bill; however, he cannot claim both the statutory mileage and witness fee and the traveling expense allowed, but may claim either at his option.

We think that the answer to your first question necessarily answers your second question as it is optional with the employee to choose either the departmental appropriation for traveling expenses or the statutory mileage and witness fees from which to be reimbursed under the conditions above stated, and that it would be appropriate for the employee to choose either. However, as above stated, it is to be noted that if the officer or employee is subpoenaed only as a witness and has no official connection with the case, he could claim only the compensation as allowed by Article 1036.

In answer to your third question, you are respectfully advised that if the per diem and mileage under Article 1036, supra, and the traveling expenses as allowed by the general appropriation bill are collected, then such State employees would be required to reimburse and refund to the State Treasurer an amount equal to the respective amount collected as such witness fee and mileage under Article 1036, supra. We believe that under Section 2 of the Departmental Appropriation Bill, above quoted, that this refund would be made direct to the State Treasurer and that the same would be credited to the fund appropriated for the purpose of compensating out-of-county witnesses subpoenaed in felony cases before the court or before a grand jury investigating a felony case.

Trusting that the foregoing answers your inquiry, we are

APPROVED JUL 8, 1940
/s/ Glenn R. Lewis
(Acting) ATTORNEY GENERAL OF TEXAS
APPROVED: OPINION COMMITTEE
BY: BWB, CHAIRMAN
AW:ew:wb

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams, Assistant