## Temple *v.* State.

June 14, 1954

No. 39113          67 Adv. S. 124          73 So. 2d 174

*W. D. Womack, Jr.,* Belzoni, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

McGehee, C. J.

On this appeal there are two grounds assigned for reversal of the conviction and sentence. The jury found from the evidence that the appellant, Paul E. Temple,

had burglarized the mercantile store building of one Abe Stockner and had stolen therefrom certain goods, wares and merchandise belonging to the said owner of the store building, and the verdict of guilty was amply supported by the great weight of the evidence, and it is not contended on this appeal that the proof was insufficient to sustain the conviction on the merits of the case.

The first assignment of error is that the indictment is fatally defective in that it states in the body thereof that the ground jurors were "taken from the body of the good and lawful men of the County of Sunflower . . . at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid . . .".

As a matter of fact the indictment in question here was returned by an Humphreys County grand jury and not a Sunflower County grand jury, and this fact was dictated into the record by the trial judge. He held that it was apparent from an examination of the indictment itself that the district attorney in preparing the indictment was using a Sunflower County (printed) form and evidently failed to strike out the word "Sunflower" and insert the word "Humphreys"; that if the defect had been called to the attention of the court seasonably it could have been amended so as to show the true facts, and that it was too late to raise the question for the first time after conviction.

Section 2449, Miss. Code of 1942, provides as follows: "All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward; and the court for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared." See also Sec. 2436, Code of 1942.

Moreover, the caption of the indictment found preceding the recital as to where the grand jurors were taken

from, etc., is in the following words: "STATE OF MIS-SISSIPPI, COUNTY OF HUMPHREYS, IN THE CIR-CUIT COURT IN AND FOR SAID COUNTY, AT THE JULY TERM THEREOF, . . . 1953"; and therefore the recital in the indictment in the words, "at the Term aforesaid of the Court aforesaid", may be referable to the July term of the Circuit Court of Humphreys County.

We are of the opinion that the words "Sunflower County" is a formal defect and not one of substance that could have prejudiced the accused or violated any of his constitutional rights.

The other assignment of error is that the appellant contends that the State wholly failed to prove beyond a reasonable doubt the ownership of the building alleged to have been burglarized or the goods, wares or merchandise alleged to have been stolen. He relies primarily upon the insufficiency of the following proof to show such ownership. Mr. Stockner testified as follows: Q. "To whom did this property belong?" A. "I am manager of the business." Q. "Is it under your control?" A. "Yes, sir." However, this contention overlooks the further testimony on behalf of the State as to the ownership of the building burglarized and of the property stolen. Mr. Stockner also testified: Q. "What business are you engaged in in Isola." A. "The mercantile business." Q. "Do you have a store there?" A. "Yes, sir." He was then asked whether anything unusual happened to "your store" on a certain date, and he proceeded to tell what had occurred. He also identified the goods, wares and merchandise which had been taken from the store and which was found in the possession of the accused. Numerous questions were asked Mr. Stockner in which the building burglarized was referred to as "your store", and his answers assented to this identification of the store.

Neither of the assignments of error being well taken, the judgment and sentence appealed from must be affirmed.

Affirmed.

*Hall, Lee, Ethridge* and *Gillespie, JJ.,* concur.