309 So.2d 524 (1975)
W.D. BOLEN, Jr.
v.
STATE of Mississippi.
No. 48302.
Supreme Court of Mississippi.
March 10, 1975.
Rehearing Denied March 31, 1975.
J.W. Kellum, Sumner, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, INZER and BROOM, JJ.
INZER, Justice:
Appellant, W.D. Bolen, Jr., and James Lorain Bolen were jointly indicted in the Circuit Court of the Second Judicial District of Panola County for the crime of assault and battery with the intent to kill and murder. A severance was granted, and appellant was tried and convicted. He was sentenced to serve a term of ten years in the State Penitentiary, from this conviction and sentence he appeals. We affirm.
The only question raised on appeal involves the validity of the indictment upon which appellant was tried and convicted. This question is raised for the first time in this Court and counsel for appellant recognizes that unless the defect in the indictment is jurisdictional it cannot be raised. The pertinent part of the indictment upon which appellant was tried and convicted reads as follows:

INDICTMENT
THE STATE OF MISSISSIPPI
SECOND JUDICIAL DISTRICT OF PANOLA COUNTY
IN THE CIRCUIT COURT IN AND FOR SAID COUNTY, AT THE OCTOBER TERM THEREOF, IN THE YEAR OF OUR LORD 1973.
 CAUSE NO. 2982
The Grand Jurors of said county ... to inquire in and for the body of the County aforesaid, ... upon their oaths present: That W.D. Bolen, Jr... . late of the County aforesaid, *525 ... in the County aforesaid did ... make an assault and battery in and upon the body of Jessie Griffin, ... with the wilful and felonious intent .. . to kill and murder... .
Appellant points out that under the provisions of Chapter 25, Mississippi General Laws 145 (1880), Panola County was divided into two judicial districts for the purpose of holding circuit and chancery courts in the county. Under the section dividing the county into two districts for the holding of circuit and chancery court, each of such districts stands exactly as if it were a separate county. The grand and petit juries for each district are drawn exclusively from that district and for venue purposes each district is a separate county. Appellant contends that the indictment is fatally defective because it does not charge that the grand jurors were selected from the second judicial district of the county to inquire in and for the second judicial district, or that the crime was committed in the second judicial district. Therefore, appellant charges that the defect in the indictment is jurisdictional and can be raised for the first time in this Court.
We hold that the alleged defect in the indictment was a formal defect and could be amended, and being amendable the defect cannot be raised for the first time in this Court. Section 99-7-21, Mississippi Code 1972 Annotated, requires that all objections to an indictment for a defect appearing on the face of the indictment shall be raised only by demurrer and not otherwise. It also requires that it be raised in non-capital cases before the jury is impaneled and not afterwards. The Court is also authorized upon objection for any formal defect to cause the indictment to be amended and proceed with the trial.
In Temple v. State, 221 Miss. 569, 73 So.2d 174 (1954), the indictment returned by the Grand Jury of Humphreys County stated in the body of the indictment that the Grand Jurors were "taken from the body of the good and lawful men of the County of Sunflower ... at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid ..." Appellant failed to demur to the indictment, and on appeal to this Court, we held that the defect in the indictment was a formal one and appellant could not raise the question for the first time after conviction. In so holding we said:
Moreover, the caption of the indictment found preceding the recital as to where the grand jurors were taken from, etc., is in the following words: "State of Mississippi County of Humphreys in the circuit court in and for said county, at the July term thereof, ... 1953"; and therefore the recital in the indictment in the words, "at the Term aforesaid of the Court aforesaid", may be referable to the July term of the Circuit Court of Humphreys County.
We are of the opinion that the words "Sunflower County" is a formal defect and not one of substance that could have prejudiced the accused or violated any of his constitutional rights.
(221 Miss. at 571, 572, 73 So.2d at 175).
In Evans v. State, 144 Miss. 1, 108 So. 725 (1926), the indictment was in the following form:
The State of Mississippi. Second District, Jones County. Circuit Court, November, 1924, Term. The grand jurors of the state of Mississippi, elected, summoned, impaneled, sworn, and charged to inquire in and for the Second Judicial District of Jones County, state of Mississippi, at the term aforesaid, of the court aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that Eugene Evans, on the 17th day of November, 1924, in the county aforesaid, did two automobile casings, each of the value of $19, five *526 automobile inner tubes, each of the value of $8, one Klaxon horn of the value of $5, one automobile mirror of the value of $1, all of the aggregate value $46, of the personal property of the Hattiesburg Vulcanizing Company, a corporation, did then and there feloniously take, steal, and carry away, against the peace and dignity of the state of Mississippi.
(144 Miss. at 2, 3 and 108 So. at 725).
Appellant demurred to the indictment on the ground that it failed to set out the venue of the crime charged, and it was overruled by the trial court. On appeal, this Court pointed out that for venue purposes, the judicial districts were the same as separate counties. Since the charging part of the indictment simply stated that the crime was committed "in the county aforesaid," the Court held that the demurrer should have been sustained. This was the charging part of the indictment insofar as the venue of the crime was concerned, and that under the language of the indictment, the crime could have been committed in either the first or second judicial districts of the county. The Court held that the indictment was not void, but was amendable without indictment, by another grand jury under the provisions of the statute which is now Section 99-7-5, Mississippi Code 1972 Annotated. That section provides, among other things, that an indictment shall not be insufficient because of an improper and imperfect statement of the venue of the crime.
The record in this case reveals that the crime for which appellant was convicted was committed in the Second Judicial District of Panola County. The evidence fully supports the verdict of the jury. Therefore, for the reasons stated, this case must be and is affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.