Jerry Jerome BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 63641.

Court of Criminal Appeals of Texas, Panel No. 1.

March 19, 1980.

---

James M. Murphy, Dallas, for appellant.

Odis R. Hill, Dist. Atty. and Jules Gene Bailey, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of robbery. V.T.C.A., Penal Code, § 29.02. The jury assessed punishment at imprisonment in the Texas Department of Corrections for fifteen (15) years.[1]

■ In a single ground of error, appellant contends that the charge given to the jury at the guilt-innocence stage of the trial authorized the conviction on a theory not alleged in the indictment.

The indictment alleges in pertinent part that the appellant:

" . . . did then and there, while in the course of committing theft, knowingly and intentionally place Donald Gregg in fear of imminent bodily injury with the intent to obtain control of the property of Donald Gregg, without his effective consent and with the intent to deprive him of his property . . . ."

The court instructed to the jury, applying the law to the facts, as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of July, 1976, in Gregg County, Texas, the Defendant, Jerry Jerome Brown, with intent to deprive Donald Gregg, the owner, of his personal property, did unlawfully appropriate or unlawfully attempt to appropriate from Donald Gregg property belonging to Donald Gregg, and that the Defendant, in so doing, and with intent to obtain or maintain control of said property, *then and there intentionally or knowingly caused bodily injury to the said Donald Gregg or the* Defendant then and there intentionally or knowingly placed said owner in fear of imminent bodily injury or death, then you will find the Defendant guilty of robbery as charged." (Emphasis supplied.)

V.T.C.A., Penal Code, § 29.02 (Robbery), provides in part:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) * * * "

The complained of portion of the court's charge set out above clearly authorized the jury to convict the appellant under an alter-

---

1. We note that, although the judgment and sentence reflect a conviction for aggravated robbery, the indictment charged only robbery, and the jury was charged on the offense of robbery, *not* aggravated robbery. This appears to be a clerical error. In view of our disposition of this appeal, no reformation of such instruments is necessary.

native theory which, although contained in V.T.C.A., Penal Code, § 29.02, was not alleged in the indictment. Thus, the jury was authorized by the charge to convict the appellant under a theory of robbery which was *not* alleged in the indictment.

■ This court has repeatedly held that an error of this nature is fundamental and requires reversal on appeal even in the absence of an objection to the charge in the trial court. See *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979), and the cases therein cited.

We note that the State, in its brief, confesses error and admits that the charge given to the jury was fundamentally defective. In the trial court's order of January 8, 1980, after the filing of the State's brief, the court stated that "after a review of the record and consideration of the briefs filed herein [the court] is of the opinion that the Defendant's motion for a new trial should again be refused; . . ." If there was a basis for the order, it was not stated therein.

In *High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978), we observed:

"Following the giving of notice of appeal, the first decision on the merits of an appeal belongs to the trial court. Article 40.09(12), V.A.C.C.P., provides:

" 'It shall be the duty of the trial court to decide from the briefs and oral arguments, if any, whether the defendant should be granted a new trial by the trial court. This duty shall be performed within the period of thirty days immediately after the state's brief is filed, or, if none be filed, then within the period of thirty days immediately after the last day on which the state's brief could be timely filed. Omission of the court to perform this duty within such period shall constitute refusal of the court to grant a new trial to defendant.'

"This rather unique provision in our appellate procedure was designed to give a conscientious trial judge the opportunity to see the briefs, the contentions and the appellate record as it will appear on review to the Court of Criminal Appeals with the authority at that point to grant a new trial if the trial judge believes the same is called for. If the reversible error is apparent, there is no logic in allowing the case to proceed through appellate process until the Court of Criminal Appeals reverses the case. Much delay and waste of judicial time and effort occurs otherwise. There was another purpose to the above provision and that was the hope that trial judges in performing their duty thereunder might lessen the heavy caseload of the Court of Criminal Appeals."

In the instant case, the error urged by the appellant was presented in his brief and was apparent from an examination of the court's charge. The appellant's position was supported by numerous decisions of this court and the State confessed error in its brief. The reversal of this case "was clearly predictable before the appellate record ever left the trial court. Such unnecessary and built-in delay should not be tolerated in our system of criminal justice. We should all bend our efforts to eliminate unnecessary delay in the administration of justice." See *Talley v. State*, 593 S.W.2d 702 (Tex.Cr.App.1980).

The judgment of the trial court is reversed.