Joe Douglas **DUNN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07-81-0182-CR.**

Court of Appeals of Texas,
Amarillo.

Jan. 4, 1983.

Warner & Finney, John Warner, Pampa, for appellant.

Harold L. Comer, Dist. Atty., Pampa, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Joe Douglas Dunn brings this appeal from his conviction of felony theft, Tex.Pen.Code Ann. § 31.03(d)(4)(A), for which the jury assessed punishment of seven years penal confinement probated. The conviction arises out of an indictment purportedly charging eleven counts of theft. The jury returned a verdict of guilty on four of the alleged counts. Appellant asserts six grounds of alleged error. For reasons hereinafter expressed we dismiss prosecution on three of the counts and reverse the conviction and remand for new trial on the other count.

In ground one appellant asserts fundamental error in submitting counts to the jury which "were not included in the indictment because the Texas Constitution mandates that an indictment ends with the conclusion 'Against the peace and dignity of the State.'" Examination of the indictment reveals that it is composed of eleven counts contained in separate paragraphs arranged in chronological order. The first four counts are on the printed form at the bottom of which appears the signature of the Grand Jury foreman. The remaining seven counts are contained on one and one-half legal size pages which are attached to the printed form by means of a staple.

The phrase "Against the peace and dignity of the State" is found only once and that is at the bottom of the printed form immediately below the fourth count of the indictment and immediately ahead of the foreman's signature. No reference is made on the printed form to the attached sheets and no reference is made on the attached sheets to the printed form.

Tex. Const. art. V, sec. 12, provides in pertinent part:

All prosecutions shall be carried on in the name and by the authority of the State of Texas, and shall conclude: "Against the peace and dignity of the State."

Tex.Code Crim.P. art. 21.02 provides that an indictment must conclude with the phrase "Against the peace and dignity of the State."

It is well established that the omission of the conclusion, though a formal part, is a fatal defect in substance, not a defect of form alone, and renders the indictment insufficient to support a conviction. See *Reese v. State,* 139 Tex.Cr.R. 593, 141 S.W.2d 949 (1940); *Herring v. State,* 160 Tex.Cr.R. 597, 273 S.W.2d 421 (1954); *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974); *Sheeley v. State,* 530 S.W.2d 108 (Tex.Cr.App.1975).

Although the State acknowledges the validity of the rule, it asserts it is not applicable in this case. It argues that an indictment consists of four prominent parts: (1) the Caption, (2) the Commencement, (3) the Charge, and (4) the Conclusion. It points out that the printed first page of the instrument in question contains the Caption, Commencement and Conclusion constitutionally and statutorily required, and leaves a space for the language of the charge. The State reasons that the seven counts not shown on the printed portion are merely a continuation of the charging portion of the indictment and the conclusion shown on the first page when the instrument is viewed as a whole, is sufficient to apply to all counts. We do not agree.

■ From examination of the indictment it appears that the printed portion is an instrument complete in itself. The counts shown on the attached typewritten sheets are not numbered sequentially and no wording appears on the printed portion which in any way attempts to incorporate or include the attached sheets by reference. The sole connection between the printed portion of the indictment and the attached sheets is the staple in the upper left hand corner which affixed the sheets together. Examination of the instrument reveals that the mandatory concluding phrase appears ahead of any typewritten count on the attached sheets and we see no way in which this phrase could be considered as a conclusion to these counts.

Under the strict requirements as to the composition of an indictment required by the Constitution of the State of Texas, the statutory enactments of our state legislature, and the pronouncements of our court of last resort in criminal matters, we are driven inescapably to the conclusion that, the seven unnumbered counts appearing on the attached sheets form no part of the indictment and, thus, cannot be the basis of a prosecution. The authorities cited by the state are, we believe, inapposite. The state is correct that an indictment must be viewed as a whole and there is no requirement that each count be concluded "against the peace . . .", and, in a multiple count indictment, it is not necessary to recite the conclusion more than once. However, in none of the authorities cited by the State does an indictment such as this, *viz.* a complete indictment with sheets attached by a staple, appear. Appellant's ground of error one insofar as the same applies to the conviction on the three counts alleged on the typewritten addendum to the indictment is sustained and the prosecution dismissed on those counts. The ground is overruled insofar as the conviction on the count contained in the indictment is concerned.

■ In ground two appellant asserts the trial court erred in its charge at the punishment stage in submitting a general verdict to the jury instead of requiring a separate verdict on each count. The appellant did not object to this form of submission during the trial court proceedings, a failure which waives all but fundamental error. *Mulcahey v. State,* 574 S.W.2d 112, 118 (Tex.Cr. App.1978); *Welch v. State,* 576 S.W.2d 638, 641 (Tex.Cr.App.1979); Tex.Code Crim.Pro. Ann. arts. 36.14, 36.19. However, if the error was fundamental it would require a reversal. *Hart v. State,* 396 S.W.2d 873, 874 (Tex.Cr.App.1965).

■ It is established that if a jury is instructed that it may convict a defendant of an offense not properly charged in the indictment, a fundamental error has been committed. *Grant v. State,* 59 Tex.Cr.R. 123, 127 S.W. 173 (Tex.Cr.App.1910); *Gooden v. State,* 140 Tex.Cr.R. 347, 145 S.W.2d 177 (Tex.Cr.App.1940); *Gooden v. State,* 140 Tex.Cr.R. 351, 145 S.W.2d 179 (Tex.Cr. App.1940). It is also well established that where a trial court's application of the law to the facts authorizes conviction on a theory not alleged in the indictment, fundamental error exists requiring reversal of the case. *Brown v. State,* 595 S.W.2d 550, 552 (Tex.Cr.App.1980); *Young v. State,* 594 S.W.2d 428, 429 (Tex.Cr.App.1980); *Cumbie v. State,* 578 S.W.2d 732, 734 (Tex.Cr.App. 1979).

■ In this case, the jury was instructed that it must "assess and fix the punish-

ment" for the four counts upon which the jury returned the guilty verdict. It is readily apparent that, in fixing the punishment, the jury was allowed to consider the three constitutionally defective counts. The punishment assessed by the jury was more than the minimum punishment prescribed for the offense validly charged and we cannot say the error was harmless as a matter of law. We are compelled to the conclusion that the court's charge during the punishment stage contained fundamental error, and we are therefore required to sustain appellant's ground of error two and remand the case as to the first count for a new trial. *Luttrell v. State,* 116 Tex.Cr.R. 277, 31 S.W.2d 818 (Tex.Cr.App.1930).

The action which we have taken on appellant's grounds of error one and two makes discussion of the remainder of his grounds unnecessary. In resume, the conviction on the constitutionally defective counts is reversed and the prosecution thereon dismissed. The conviction on the first count is reversed and that cause is remanded for new trial.