Joe Douglas DUNN, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–84–0085–CR.

Court of Appeals of Texas, Amarillo.

Oct. 26, 1984.

Rehearing Denied Nov. 19, 1984.

John W. Warner, Warner & Finney, Pampa, for appellant.

Robert D. McPherson, County Atty., Pampa, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

This appeal presents the question whether a defendant, who has paid the fee for a transcription of the court reporter's notes included in the record on a successful appeal from his conviction, is entitled, after dismissal of the remanded cause by the trial court, to have the amount paid taxed to the county or to the State upon a motion to retax costs. Answering the question in the negative, we affirm the trial court's denial of the motion to retax costs filed in that court and overrule the similar motion filed in this Court.

A Gray County jury found that appellant Joe Douglas Dunn was guilty of four of

the eleven counts of felony theft charged against him by an indictment, and assessed his punishment at confinement for seven years. Upon his appeal, we concluded that three of the four counts of which he was convicted formed no part of the indictment, dismissed the three counts and, because of fundamental error in the court's charge on punishment, reversed the judgment and remanded the cause for a new trial on the remaining count. *Dunn v. State,* 646 S.W.2d 576 (Tex.App.—Amarillo 1983, no pet'n). Thereafter and upon the State's motion, the trial court dismissed the cause.

Appellant then moved the trial court to retax costs, alleging that the $3,130.25 he paid the court reporter for the transcription included in the record on appeal is a cost to be borne by Gray County. Appellant based his entitlement to have the costs retaxed on the statute reading thusly:

> Whenever costs have been erroneously taxed against a defendant, he may have the error corrected, and the costs properly taxed, upon filing a written motion for that purpose in the court in which the case is then or was last pending. Such motion may be made at any time within one year after the final disposition of the case in which the costs were taxed, and not afterward. Notice of such motion shall be given to each party to be affected thereby, as in the case of a similar motion in a civil action.

Tex.Code Crim.Proc.Ann. art. 1016 (Vernon 1979). After a hearing, the trial court denied the motion, and this appeal ensued, during the pendency of which appellant similarly moved this Court to retax the amount he paid either to Gray County or to the State of Texas. Parenthetically, we note that, although it is not material to our decision, the fee appellant paid to the court reporter for the transcription was not taxed as costs either in the trial court or by this Court.

■ The appellate records in this Court do not show, and appellant does not assert, that he was indigent at the time of the prior appeal. Since he desired a transcription of the court reporter's notes to be included in the record on the prior appeal, he was responsible, pursuant to a statute, for obtaining the transcription. Tex.Code Crim.Proc.Ann. art. 40.09(5) (Vernon Supp. 1984). To obtain the transcription, he also was responsible to pay the court reporter a fee for it. *Quarles v. State,* 385 S.W.2d 395, 396–97 (Tex.Cr.App.1964), *cert. denied* 382 U.S. 829, 86 S.Ct. 65, 15 L.Ed.2d 73 (1965).

■ The matter of costs in criminal cases is purely statutory. Article 1016, *supra,* is one of a series of statutory enactments specifying the amount of costs, their imposition, and the time for their payment. *See* Tex.Code Crim.Proc.Ann. arts. 1012–1036 (Vernon 1979 & Supp.1984). None of these statutes, nor any other legal pronouncement to our knowledge, provides that the cost of the court reporter's transcription, which the law imposes on the nonindigent defendant if he desires to obtain it, becomes, upon the termination of the cause favorable to him, either an erroneous taxing of costs against him or a cost to be taxed to a county or to the State. Consequently, we hold that neither the trial court nor this Court is authorized by article 1016, *supra,* to obligate a county or the State to bear the cost of the transcription of the court reporter's notes incurred or paid by a nonindigent defendant.

Accordingly, the motion to retax costs filed in this Court is overruled, and the judgment of the trial court denying the motion to retax costs filed in that court is affirmed.