

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

August 20, 1993

Ms. Nancy F. Braswell
Smith County Auditor
Smith County Courthouse
Tyler, Texas 75702

Opinion No. DM-245

Re: Whether defendants in criminal cases may be required to reimburse a county for the cost of employing interpreters, and related questions   (RQ-236)

Dear Ms. Braswell:

You ask six questions about the payment of interpreters in criminal cases. You explain that, where a defendant was unable to communicate in English, a county court-at-law judge has assessed interpreters' fees as costs in some criminal cases and, in others, has imposed the repayment of such fees as a condition of probation. The imposition of interpreters' fees either as costs in criminal cases or as a condition of probation is not expressly authorized by statute.

You first ask whether a judge is authorized in criminal cases to tax interpreters' fees as costs to reimburse the county for the compensation paid to interpreters. Article 38.30 of the Code of Criminal Procedure governs the appointment and the payment of interpreters in criminal cases. Subsections (b) and (c) of article 38.30 require that interpreters' compensation be paid out of *county* funds, and article 38.30 neither requires nor permits the collection of these fees as costs from defendants. *Cf.* Civ. Prac. & Rem. Code § 21.051 (requirement that $3.00 interpreter fee be assessed and collected as cost in civil cases and deposited in county's general fund); *see also* Tex. R. Civ. P. 183.

Furthermore, article 103.002 of the Code of Criminal Procedure requires that costs be expressly authorized by law, as follows:

> An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law.

Code Crim. Proc. art. 103.002.

Article 3.03 of the code defines "officer" to include "both magistrates and peace officers." "Magistrate" is in turn defined to include, among other judicial officers, county judges and judges of the county courts-at-law. Code Crim. Proc. art. 2.09. Thus, article 103.002 bars a court from imposing a cost on a criminal defendant unless the cost is expressly provided for by law.

The courts also advise that the question of costs in criminal cases is governed by statute. On the appeal in *Dunn v. State*, 683 S.W.2d 729 (Tex. App.–Amarillo 1984, pet. ref'd), the defendant attempted to have the court reporter's fees for a transcription of trial notes assigned as costs and charged against either the county or the state. Although the *Dunn* court cited neither the Code of Criminal Procedure nor any cases, the opinion unequivocally stated that "[t]he matter of costs in criminal cases is purely statutory." *Id.* at 730. Having examined the Code of Criminal Procedure and finding no statutory provision to authorize such a charge, the court overruled the motion to retax the transcription fees. *See also Lay v. State*, 202 S.W. 729 (Tex. Crim. App. 1918).

Finally, chapter 102 of the Code of Criminal Procedure governs the payment of costs by defendants in criminal cases. No provision of chapter 102 requires payments of interpreters' fees by defendants or authorizes their assessment against defendants. We are aware of no provision of the Code of Criminal Procedure or any other statutory provision that expressly authorizes the judge of a county court-at-law to assess interpreters' fees against criminal defendants as costs of court. Accordingly, we conclude, on the basis of articles 103.002 and 38.30 of the Code of Criminal Procedure and the decision of the court in *Dunn*, that such fees may not be assessed against defendants in criminal cases brought in county courts-at-law.

In your second question, you ask whether a judge is authorized to require, as a condition of probation, that a criminal defendant reimburse the county for interpreters' fees. We believe that such a condition of probation is unauthorized. Section 11, article 42.12 of the Code of Criminal Procedure lists the basic conditions of probation. Subsection 11(e) of that article reads as follows:

> A court may not order a probationer to make any payments as a term and condition of probation, except for fines, court costs, restitution of the victim, *payment to a local crime stoppers program under Subsection (h) of this section*, and other terms and conditions expressly authorized by statute.

Code Crim. Proc. art. 42.12, § 11(e) (emphasis added); *see also id.* § 11(b).[1]

---

[1]Subsection 11(b) of article 42.12 reads as follows:

> A court may not order a probationer to make any payments as a term or condition of probation, except for fines, court costs, restitution to the victim, and other terms or conditions related personally to the rehabilitation of the probationer or otherwise expressly authorized by law. The court shall consider the ability of the probationer to make payments in ordering the probationer to make payments under this article.

Code Crim. Proc. art. 42.12, § 11(b).

Attorney General Opinion JM-853 (1988) examined subsection (e) prior to the inclusion of the emphasized language and determined that the provision is mandatory and "operates as a blanket prohibition, subject to the stated exceptions." Attorney General Opinion JM-853 at 2. As indicated above, we are unaware of any statute that authorizes the assessment of interpreters' fees against criminal defendants.

In addition to those monetary payments that are expressly recognized in section 11(e) as suitable for probationary payments, article 42.12 enumerates other payments "expressly authorized by statute."[2] Of particular interest here is the section 11(a)(11) provision allowing a probationary condition that the defendant reimburse the county for court appointed counsel. This expense is analogous to the cost of an interpreter inasmuch as it is necessitated by the circumstances of the defendant, and its inclusion reinforces our conclusion that repayment of the costs of an interpreter is not an allowable condition of probation.

Your third question asks whether the equal protection clause of the United States Constitution prohibits a requirement that a defendant who doesn't speak English reimburse the county for compensation paid to interpreters in a criminal case. In light of our answers to your previous questions, we need not address the constitutional issue.[3]

Your fourth and fifth questions ask what you, as county auditor, should do with the funds that have been collected either as costs or as conditions of probation. We find no special statutory method for the treatment of funds that have been erroneously collected from criminal defendants and believe that you should treat them as you do authorized collections. See Code Crim. Proc. art. 103.008(a) (defendant to file a petition for correction of costs). We believe, however, that as county auditor you have authority to establish a suspense account for the deposit of these funds. See Local Gov't Code § 112.001.

---

[2]Code Crim. Proc. art. 42.12, §§ 11(a)(9) (support of dependents), 11(a)(11) (reimburse county for compensation paid to court appointed attorney), 11(c) (as added by Acts 1991, 72d Leg., ch. 202) (reimburse crime victim's compensation fund), 11(c) (as added by Acts 1991, 72d Leg., ch. 285) (reimburse law enforcement agency for certain expenses related to drug offenses), 11(f) (payment of counseling made necessary for victim of certain offenses), 11(h) (as added by Acts 1989, 71st Leg., ch. 86) (payment to crime stoppers program), 22 (payment for operation of a community corrections department).

[3]For the same reason, we need not answer your last question, which was premised on the assumption that the judge of a county court-at-law could assess interpreters' fees against a criminal defendant.

## S U M M A R Y

Article 38.30 of the Code of Criminal Procedure requires interpreters in criminal cases to be paid from county funds. A judge of a county court-at-law may not assess interpreters' fees either as costs or require payment as a condition of probation.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragòn
Assistant Attorney General