# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00450-SCT

*BRIAN RUNNELS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/95 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SIM C. DULANEY, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/23/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/13/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This case arises on appeal from a denial by the Circuit Court of Claiborne County of Brian Runnels' ("Runnels") Post-Conviction Motion for Judgment Vacating Conviction for Armed Robbery. Runnels pled guilty to manslaughter and armed robbery. The portion of the indictment dealing with the armed robbery count failed to conclude with "against the peace and dignity of the State of Mississippi" as required constitutionally. The lower court refused to vacate Runnels' guilty plea to this count, finding that he had waived his objection to the indictment by failing to object before the circuit court. Aggrieved by the decision of the circuit court, Runnels assigns the following as error:

**DOES A DEFENDANT CHARGED WITH ARMED ROBBERY IN THE SECOND COUNT OF AN INDICTMENT, FATALLY DEFECTIVE FOR FAILURE TO CONCLUDE THE CHARGE WITH THE MANDATED WORDS "AGAINST THE PEACE AND DIGNITY OF THE STATE," WAIVE HIS RIGHT TO OBJECT TO HIS CONVICTION RESULTING FROM THE ENTRY OF A GUILTY PLEA TO THE CHARGE.**

After careful examination of the briefs and record in this matter, we affirm the decision of the lower court.

## STATEMENT OF THE FACTS

On January 6, 1995, Brian Runnels was charged by indictment for murder and armed robbery. Count One charged Runnels with murder and ended with the words "against the peace and dignity of the State of Mississippi." Count Two, charging Runnels with armed robbery, failed to conclude with the words "against the peace and dignity of the State of Mississippi" as required by Section 169 of the Mississippi Constitution.

On April 25, 1995, Runnels entered a guilty plea to the crimes of manslaughter and armed robbery. The circuit court sentenced Runnels to serve twenty (20) years for the manslaughter and sixteen (16) years for armed robbery. The sentences were to run consecutively.

One of Runnels' co-defendants, Alonzo Gibson ("Gibson"), was tried on the charges in the same indictment. Gibson was convicted of manslaughter and armed robbery. The lower court sentenced Gibson to ten (10) years for manslaughter and life for armed robbery. Upon Gibson's motion, the trial judge vacated Gibson's conviction for armed robbery because that count of the indictment failed to conclude with the mandated words "against the peace and dignity of the State of Mississippi."

Upon learning of Gibson's conviction for armed robbery being vacated, Runnels filed his post-conviction motion for relief on November 1, 1995, petitioning the court to set aside his conviction for armed robbery on the grounds that the armed robbery count failed to conclude with the aforementioned constitutionally required phrase. Following arguments, the circuit court denied Runnels' motion on the grounds that he had waived his right to object to the defect in the indictment when he voluntarily entered his guilty plea. From this decision, Runnels appeals.

## DISCUSSION OF THE LAW

The essential issue presented for our consideration is whether a charge in a multi-count indictment which does not conclude with the words "against the peace and dignity of the State of Mississippi" is a defect in form or a defect in substance. Runnels points out that the Mississippi Constitution mandates that all indictments shall conclude "against the peace and dignity of the state," and further notes that the Criminal Rules of Circuit Court Practice provide the same edict. Runnels contends that the failure of a charge on an indictment to include the designated conclusion, *supra*, is a defect of substance and is, therefore, fatal to the indictment.

In support of his contention, Runnels first directs our attention to the Texas case of *Dunn v. State*, 646 S.W.2d 576 (Tex. Ct. App. 1983). In *Dunn*, the Texas court addressed provisions of the Texas

Code and the Texas Constitution providing that an indictment must conclude with the words "against the peace and dignity of the state." *Id.* at 577. Joe Dunn was convicted on the charge of felony theft, the result of an indictment charging eleven counts of theft. *Id.* Dunn appealed his conviction, asserting that there was a fundamental defect in the indictment because portions of the indictment did not include the mandated conclusion. *Id.* The Texas court stated that "[i]t is well established that the omission of the conclusion, though a formal part, is a fatal defect in substance, not a defect of form alone, and renders the indictment insufficient to support a conviction." *Id.*

Additionally, Runnels cites this Court's holding in *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995), in support of his argument that the flaw in his indictment is one of substance. In *McNeal*, the portion of the indictment charging defendant Michael McNeal as an habitual offender was on a separate page from the rest of the indictment. *Id.* at 1348-49. The habitual offender charge did not conclude with the mandated words "against the peace and dignity of the state." *Id.* at 1348. The State contended that the flaw was only a technical violation and, therefore, harmless error. *Id.* at 1349. We reversed, vacating only McNeal's habitual offender status and stating that "[t]his defect does not affect McNeal's conviction." *Id.* at 1350.

Runnels argues that the case at bar parallels *McNeal* in that the conclusion of count two charging him with armed robbery is on a separate page of the indictment and the count of the indictment on that second page fails to conclude with the mandated words "against the peace and dignity of the state." Runnels maintains that *McNeal*, as well as *Copeland v. State*, 423 So. 2d 1333, 1336 (Miss. 1982) (this Court stated that a substantive defect in an indictment cannot be cured by extrinsic proof and is not waived by failure to demur), prescribe that the flaw in the instant case is a substantive one and, therefore, fatal to the indictment.

The State, relying upon *Brandau v. State*, 662 So. 2d 1051 (Miss. 1995), counters by arguing that the flaw in the indictment in the case *sub judice* is one of form and, therefore, subject to amendment to correct and subject to waiver for failure to demur. In *Brandau* we held that the flaw was a formal defect "curable by amendment" and, therefore, "subject to waiver for the failure to demur to the indictment. . . ." *Id.* at 1055 (citing *Bolen v. State*, 309 So. 2d 524 (Miss. 1975), and *Moran v. State*, 137 Miss. 435, 102 So. 388 (1925)).

In *Brandau*, Robert Matthew Brandau was convicted of kidnaping and armed robbery. *Brandau*, 662 So. 2d at 1053. In his motion for rehearing, Brandau raised for the first time the State's alleged failure to conclude his indictment with the words "against the peace and dignity of the State of Mississippi." *Id.* This Court made a point of distinguishing Brandau's situation from that of McNeal, emphasizing that McNeal had objected to his indictment at trial and at every step in the appellate process, while Brandau did not raise the issue until filing his motion for rehearing. Additionally, we reiterated that McNeal's conviction was not affected, only his habitual offender status. *Id.* at 1054. Because of Brandau's failure to object to the form of the indictment at the trial level, the issue was procedurally barred and his motion for rehearing was denied by this Court. *Id.* at 1055.

In the instant case, Runnels did not object to the indictment prior to his guilty plea, raising the issue only after finding out that his co-defendant's jury conviction was vacated because of the omission of the required conclusion. Because Runnels failed to demur or object to the indictment prior to his guilty plea, his appeal must fail, pursuant to our holding in *Brandau*. This issue is without merit.

## CONCLUSION

Runnels did not demur or object to the indictment before his plea of guilty. Because of this insufficiency, Runnels' appeal must fail. We, therefore, affirm the lower court's denial of Runnels' Post-Conviction Motion for Judgment Vacating Conviction for Armed Robbery.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**