

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

September 8, 2017

The Honorable Mark A. Gonzalez
Nueces County District Attorney
901 Leopard, Room 206
Corpus Christi, Texas 78401-3681

Opinion No. KP-0163

Re: Whether the district attorney's office must pay for the copy of the reporter's record filed with the trial court clerk pursuant to Rule of Appellate Procedure 34.6(h) (RQ-0153-KP)

Dear Mr. Gonzalez:

Texas Rule of Appellate Procedure 34.6(h) provides that "[i]n a criminal case in which a party requests a reporter's record, the court reporter must prepare a duplicate of the reporter's record and file it with the trial court clerk." Tex. R. App. P. 34.6(h). You ask whether a district attorney's office must pay the court reporter for this duplicate record when an appellant who is not indigent[1] requests and pays for his or her copy of the reporter's record.[2] To provide context for your question, we begin with chapter 52 of the Government Code, which regulates official court reporters. See TEX. GOV'T CODE §§ 52.041–.059.

Under chapter 52, each judge of a court of record appoints an official court reporter, who is a sworn officer of the court and serves at the pleasure of the court. See id. § 52.041; see also id. § 52.042 (providing for the appointment of a deputy court reporter). An official court reporter receives a "salary set by the order of the judge of the court." Id. § 52.051(a). This established salary is "in addition to transcript fees, fees for a statement of facts, and other necessary expenses authorized by law." Id. A person ordering a transcript from the court reporter must do so in writing, pay the transcript fee, and pay any additional charged fees as the law allows. Id. § 52.047(a), (c), (d); see also id. § 52.047(d) (authorizing the court reporter to charge for "(1) postage or express charges; (2) photostating, blueprinting, or other reproduction of exhibits; (3) indexing; and (4) preparation for filing and special binding of original exhibits").

Pursuant to the Rules of Appellate Procedure ("Rules"), the appellate record consists of the clerk's record and "if necessary to the appeal, the reporter's record." Tex. R. App. P. 34.1. The

---

[1]With regard to an indigent defendant, Rule 20.2 provides that "[w]ithin the time for perfecting the appeal, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge." Tex. R. App. P. 20.2.

[2]See Letter and Brief from Honorable Mark A. Gonzalez, Nueces Cty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. (Mar. 8, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Brief" respectively).

reporter's record comprises the court reporter's transcription of the proceedings and any exhibits the parties to the appeal may designate, or the "certified copies of all tapes or other audio-storage devices on which the proceedings were recorded" and any exhibits designated by the appealing parties along with the certified copies of the logs prepared by the court reporter. Tex. R. App. P. 34.6(a) (defining contents of record). In perfecting his or her appeal, the appellant must request the reporter's record from the court reporter in writing and "must file a copy of the request with the trial court clerk." Tex. R. App. P. 34.6(b)(1)–(2). The court reporter, then, "is responsible for preparing, certifying, and timely filing the reporter's record" with the appellate court upon satisfaction of certain steps by the appellant, including payment to the court reporter for the reporter's record. Tex. R. App. P. 35.3(b).

Rule 34.6(h), about which you ask, requires that an additional copy of the reporter's record be filed with the trial court clerk when the appeal is from a criminal case. Tex. R. App. P. 34.6(h). In providing for the duplicate reporter's record, rule 34.6(h) does not address payment of costs regarding the duplicate reporter's record that is to be filed with the trial court. *Id.* Further, no provision in chapter 52 expressly places the cost of the duplicate record on the district attorney's office when the State is not the appellant. However, provisions in chapter 52 and elsewhere indicate that the Legislature knows how to impose a charge upon a particular party, such as the district attorney, and has not done so here. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 885 (Tex. 2000) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent); Tex. Att'y Gen. Op. No. KP-0083 (2016) at 3. As noted previously, subsection 52.047(a) authorizes a court reporter to charge a transcript[3] fee to a person requesting a transcript. *See* TEX. GOV'T CODE § 52.047(a); *see also* TEX. CODE CRIM. PROC. art. 44.01(f). Subsection 52.047(d) also authorizes the court reporter to charge an "additional fee" for specified items in addition to the transcript. *See* TEX. GOV'T CODE § 52.047(d). In the context of section 52.047, we construe "additional fee" to mean a fee borne by the person requesting the transcript in addition to the fee for the transcript. *See* NEW OXFORD AMERICAN DICTIONARY 18 (3d ed. 2010) (defining "additional" to mean "added, extra, or supplementary to what is already present or available"). Similarly, article 44.01(f) of the Code of Criminal Procedure places the costs of an appeal on the State when the State is the appellant. TEX. CODE CRIM. PROC. arts. 44.01(f) (requiring the State to "pay all costs of appeal"), 44.01(a)–(b) (authorizing the State to appeal an order of a court in a criminal case in certain instances). Such costs would include the fee for any reporter's record requested for appeal purposes under Rule 34.6(b). Accordingly, absent an express authorization for a court reporter to impose a fee for the preparation of the duplicate record on a district attorney's office, we cannot conclude that a court reporter may charge a district attorney's office to prepare and file the duplicate record. *See Dunn v. State*, 683 S.W.2d 729, 730 (Tex. App.—Amarillo 1984, pet. ref'd) ("The matter of costs in criminal cases is purely statutory.").

---

[3]The Rules and chapter 52 of the Government Code use the term "transcript" inconsistently. Pursuant to 1997 changes to the Rules, the term "transcript" replaced the term "clerk's record." Tex. R. App. P. 34.6, Notes & Comments (noting that the Rule's term "reporter's record" is substituted for "statement of facts"). Chapter 52 of the Government Code uses the term "transcript" to refer to the transcript of the evidence in a case reported by the official court reporter. TEX. GOV'T CODE § 52.047(a).

You state that court reporters raise the Texas Court Reporter's Code of Professional Conduct ("Court Reporter's Code") suggesting that their ethical obligations may require a court reporter to charge a district attorney's office a fee for preparing the duplicate record. *See* Brief at 2–3. You tell us that court reporters claim that providing the duplicate record to the trial court provides a free copy for use by the district attorney's office. *See id.* at 2. You also tell us the court reporters point to their ethical duty to not give, directly or indirectly, "'any incentive, reward or anything of value to attorneys, clients, witnesses, insurance companies, or any other persons or entities associated with the litigation'" and the requirement that they "'charge all parties to an action the same price for [a] . . . reporter's record.'" *Id.* (quoting Court Reporter's Code rules 4 and 17). Yet, the duplicate record filed with the trial court is not requested by the district attorney's office but required by Rule 34.6. Tex. R. App. P. 34.6(h). To the extent the Rules place a duty on the official court reporter to file the duplicate record with the trial court clerk, the court reporter does not give anything prohibited by the Court Reporter's Code to the district attorney's office or charge the parties to the litigation inequitably. Rather, the court reporter fulfills his or her duty under the Rules. Thus, we cannot conclude that the Court Reporter's Code authorizes a court reporter to charge a district attorney's office for the duplicate reporter's record filed with the trial court clerk.

## S U M M A R Y

Neither the Texas Rules of Appellate Procedure, nor chapter 52 of the Government Code, nor a court reporter's ethical duties authorizes a court reporter to charge a district attorney's office when the State is not the appellant for the copy of the reporter's record filed with the trial court clerk pursuant to Texas Rule of Appellate Procedure 34.6(h).

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee